FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| **WESLEY LYNCH,** | : | |
| Plaintiff, | : | Civil Action No. 3:21-cv-703-HEH |
| v. | : | |
| **LIBERTY INSURANCE CORPORATION,** | : | |
| | : | |
| Defendant. | | |

**JOINTLY SUBMITTED STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL**

WHEREAS, the Parties, by their respective counsel, stipulate to treat certain discovery material as confidential and request that this Court enter an order in accordance with the following Stipulation:

1.  Designation of Discovery Materials Is Confidential. All documents produced in the course of discovery all answers to interrogatories all answers to request for admission all responses to request for production of documents and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." One who provides material may designated as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information trade secrets or other confidential research development or commercial information which is in fact confidential. The parties will not routinely designate material as "CONFIDENTIAL," or make such designation without reasonable inquiry to determine

1

whether it qualifies for such designation. Except for documents produced for inspection at the parties facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. Any event that documents are produced for inspection at the parties facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b)     Portions of depositions of a parties present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within Seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c)     Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for an conducting the litigation in which the information or documents were disclosed (including appeals).

(d)     The parties in counsel for the party shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)     Disclosure may be made to counsel and employees of counsel for the parties who have responsibility for the preparation and trial of this specific lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii)     Disclosure may be made to employees of a party who are involved in the evaluation of this litigation or who provide assistance in the conduct of this litigation in which the information was disclosed.

(iii)     Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photo copies of documents. Prior to disclose to any such court Reporter or person engaged in making photo copies of documents, such person must be advised of the terms of this Order.

(iv)     Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents in information be held in confidence.

(e) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. Confidential Information Filed With Court. To the extent that any material subjects of this Confidentiality Order or any pleading motion or memorandum disclosed disclosing them are proposed to be filed or filed with the court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal by the filing party with the clerk of the court with simultaneous motion pursuant to Local Rules (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the courts electronic filing requirements and procedures for civil cases. The Interim Sealing Motion shall be governed by the Court's Local Rules. Even if the filing party believes that the materials subject to the Confidentially Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; Provided, however, that the filing of the interim ceiling motion shall be wholly without prejudice to the filing parties rights under paragraph (4) of this Confidentiality Order.

3. Party Seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order and less the party claiming a need for

greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

      4.      Challenging Designation of Confidentiality. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

      5.      Return of Confidential Material At Conclusion of Litigation. At the conclusion of the litigation all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The clerk of the court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

Respectfully Submitted and Stipulated By:

*/s/ Jason M. Krumbein*
Jason M. Krumbein
VSB No: 43538
Attorney for Plaintiff
Krumbein Consumer Legal Services, Inc
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804-592-0792
804-234-1129 - fax
JKrumbein@KrumbeinLaw.com

*/s/ James C. Mehigan*
James C. Mehigan
VSB No.: 94042
Attorney for Defendant
Mehigan Law Group PLLC
11921 Freedom Drive
Suite 550
Reston, Virginia 20190
(703) 774-7281
(703) 698-0624 - fax
jmehigan@mehiganlawgroup.com

Accordingly, it is, by the United States District Court for the Eastern District of Virginia, that the Stipulation of the Parties is **So Ordered:**

Date: _____

Henry E. Hudson
United States District Court

6